UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE L. HANEY, | No.  2:  16-cv-1173 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| S. JOHNSON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' motion to revoke plaintiff's in forma pauperis status.  (ECF No. 15.)  For the reasons stated herein, plaintiff is ordered to file further briefing.

Title 28 U.S.C. § 1915 generally permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees.  However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

1   28 U.S.C. § 1915(g).

2        Defendants argue that plaintiff has incurred seven strikes pursuant to 28 U.S.C. § 1915(g).

3   Plaintiff does not appear to dispute these strikes.  The undersigned cites three prior strikes herein.

4        Case no. 1:07-cv-1222 GMS (E.D. Cal.) was dismissed on July 22, 2007, for failure to

5   state a claim.[1]  Case no. 1: 10-cv-2134 LJO BAM (E.D. Cal.) was dismissed on November 16,

6   2012, for failure to state a claim.  Case no. 1: 10-cv-1140 LJO GSA (E.D. Cal.) was dismissed on

7   March 25, 2013, for failure to state a claim.

8        In his opposition and complaint, plaintiff argues that he meets the imminent danger

9   exception to 28 U.S.C. § 1915(g).  For the reasons stated herein, the undersigned orders further

10  briefing as to this issue.

11       The imminent danger exception to 28 U.S.C. § 1915(g) applies only if it is clear that the

12  danger existed when the complaint was filed.  Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th

13  Cir. 2007).  Allegations of imminent danger that are overtly speculative or fanciful may be

14  rejected.  Id. at 1057 n.11.

15       An inmate can meet the imminent danger exception by alleging an ongoing danger.

16  Andrews v. Cervantes, 493 F.3d 1047, 1056 (9th Cir. 2007).  "The prisoner may meet this

17  requirement by 'alleg[ing] that prison officials continue with a practice that has injured him or

18  other similarly situated in the past,' Andrews, 493 F.3d at 1057, or that there is a continuing effect

19  resulting from such a practice."  Williams v. Paramo, 775 F.3d 1182, 1190 (9th Cir. 2015).

20       In addition, to meet his burden under § 1915(g), an inmate must provide "specific fact

21  allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the

22  likelihood of imminent serious physical injury."  Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir.

23  2003).  "Vague and utterly conclusory assertions" of harm are insufficient.  White v. Colorado,

24  157 F.3d 1226, 1231-32 (10th Cir. 1998).  That is, the "imminent danger" exception is available

25  "for genuine emergencies," where "time is pressing" and "a threat...is real and proximate."  Lewis

26

27  [1] Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

28

1    v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

2         Plaintiff filed his complaint on May 31, 2016.  (ECF No. 1.)  At the time plaintiff filed his

3    complaint, he was housed at High Desert State Prison ("HDSP"), where he is still incarcerated.

4    In the complaint, plaintiff alleged that in October 2015 he was housed at California State Prison-

5    Sacramento ("CSP-Sac").  Plaintiff alleged that on October 14, 2015, he was beaten and stabbed

6    by twenty inmates who believed that plaintiff was responsible for the theft of six cell phones.

7    Plaintiff alleged that after the attack, he learned that defendants knew that the attack was going to

8    occur and failed to protect him.  Plaintiff alleged that an inmate informant told the defendants that

9    inmates planned to assault plaintiff because of the missing cell phones.

10        In his opposition and complaint, plaintiff argues that defendants' failure to protect him on

11   October 14, 2015, has caused him to suffer an ongoing threat of serious physical injury.  (ECF

12   Nos. 1, 18.)  In the complaint, plaintiff alleges that while he was on the transportation bus from

13   CSP-Sac to HDSP, he heard another inmate telling other inmates that plaintiff was beaten and

14   stabbed by other inmates because of the missing cell phones.  (ECF No. 1 at 11.)  In his

15   opposition, plaintiff makes the same allegation.  (ECF No. 18 at 3.)  Plaintiff alleges that he is

16   constantly threatened at HDSP because inmates there know that he is accused of taking cell

17   phones from Southern Mexican inmates.  (Id. at 4.)  Plaintiff also alleges that he heard officials at

18   HDSP say that plaintiff was transferred from CSP-Sac because plaintiff took cell phones from

19   Southern Mexican inmates.  (Id.)

20        In support of his claim that he meets the imminent danger exception, plaintiff alleges that

21   1) defendants knew that he was going to be attacked by inmates at CSP-Sac for allegedly stealing

22   cell phones and failed to prevent the attack; 2) because of the attack other inmates, including

23   those who were transferred with him from CSP-Sac to HDSP, became aware that he was accused

24   of stealing cell phones; and 3) plaintiff is now threatened by other inmates at HDSP based on the

25   accusation that he stole cell phones at CSP-Sac.

26        While plaintiff alleges that he is "constantly threatened" by other inmates at HDSP, he

27   alleges no other facts in support of this claim.  For this reason, the undersigned finds that

28   plaintiff's claim that he is "constantly threatened" is not sufficiently specific to meet the

1  imminent danger exception.   Plaintiff is granted twenty-one days to file further briefing in

2  support of his claim that he has and is being threatened by inmates at HDSP based on the

3  accusation that plaintiff stole the cell phones.  Plaintiff must describe when the threats occurred,

4  the nature of the threats, identify (if possible) the inmates who made the threats, and discuss

5  whether plaintiff complained to HDSP officials about these threats.  If plaintiff has

6  documentation of complaints made to HDSP officials regarding these threats, he shall include it

7  with his further briefing.

8          Accordingly, IT IS HEREBY ORDERED that plaintiff shall file the briefing described

9  above within twenty-one days of the date of this order; defendants may file a reply within seven

10  days thereafter.

11  Dated:  February 10, 2017

12

13  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

14

15  Han1173.fb

16

17

18

19

20

21

22

23

24

25

26

27

28

4