1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MONTE L. HANEY,                        No.  2:16-cv-1173 TLN KJN P

12               Plaintiff,

13         v.                               FINDINGS AND RECOMMENDATIONS

14   S. JOHNSON, et al.,

15               Defendants.

16

17         Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18   to 42 U.S.C. § 1983.  Pending before the court is defendants' motion to revoke plaintiff's in

19   forma pauperis status.  (ECF No. 15.)  For the reasons stated herein, the undersigned recommends

20   that defendants' motion be granted.

21         Title 28 U.S.C. § 1915 generally permits any court of the United States to authorize the

22   commencement and prosecution of any suit without prepayment of fees by a person who submits

23   an affidavit indicating that the person is unable to pay such fees.  However,

24         [i]n no event shall a prisoner bring a civil action or appeal a
           judgment in a civil action or proceeding under this section if the
25         prisoner has, on 3 or more prior occasions, while incarcerated or
           detained in any facility, brought an action or appeal in a court of the
26         United States that was dismissed on the grounds that it is frivolous,
           malicious, or fails to state a claim upon which relief may be
27         granted, unless the prisoner is under imminent danger of serious
           physical injury.
28

                                              1

1  28 U.S.C. § 1915(g).

2      Defendants argue that plaintiff has incurred seven strikes pursuant to 28 U.S.C. § 1915(g).

3  Plaintiff does not appear to dispute these strikes.  The undersigned cites three prior strikes herein.

4      Case no. 1:07-cv-1222 GMS (E.D. Cal.) was dismissed on July 22, 2007, for failure to

5  state a claim.[1]  Case no. 1: 10-cv-2134 LJO BAM (E.D. Cal.) was dismissed on November 16,

6  2012, for failure to state a claim.  Case no. 1: 10-cv-1140 LJO GSA (E.D. Cal.) was dismissed on

7  March 25, 2013, for failure to state a claim.

8      In his complaint and opposition to the pending motion, plaintiff argues that he meets the

9  imminent danger exception to 28 U.S.C. § 1915(g).  For the reasons stated herein, the

10  undersigned finds that plaintiff does not meet the requirements of this exception.

11      The imminent danger exception to 28 U.S.C. § 1915(g) applies only if it is clear that the

12  danger existed when the complaint was filed.  <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th

13  Cir. 2007).  Allegations of imminent danger that are overtly speculative or fanciful may be

14  rejected.  <u>Id.</u> at 1057 n.11.

15      An inmate can meet the imminent danger exception by alleging an ongoing danger.

16  <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1056 (9th Cir. 2007).  "The prisoner may meet this

17  requirement by 'alleg[ing] that prison officials continue with a practice that has injured him or

18  other similarly situated in the past,' <u>Andrews</u>, 493 F.3d at 1057, or that there is a continuing effect

19  resulting from such a practice."  <u>Williams v. Paramo</u>, 775 F.3d 1182, 1190 (9th Cir. 2015).

20      In addition, to meet his burden under § 1915(g), an inmate must provide "specific fact

21  allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the

22  likelihood of imminent serious physical injury."  <u>Martin v. Shelton</u>, 319 F.3d 1048, 1050 (8th Cir.

23  2003).  "Vague and utterly conclusory assertions" of harm are insufficient.  <u>White v. Colorado</u>,

24  157 F.3d 1226, 1231-32 (10th Cir. 1998).  That is, the "imminent danger" exception is available

25  "for genuine emergencies," where "time is pressing" and "a threat...is real and proximate."  <u>Lewis</u>

26

27  [1] Judicial notice may be taken of court records.  <u>Valerio v. Boise Cascade Corp.</u>, 80 F.R.D. 626,
    635 n.1 (N.D. Cal. 1978), <u>aff'd</u>, 645 F.2d 699 (9th Cir.), <u>cert.</u> <u>denied</u>, 454 U.S. 1126 (1981).

28

1  v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

2      Plaintiff filed his complaint on May 31, 2016.  (ECF No. 1.)  At the time plaintiff filed his

3  complaint, he was housed at High Desert State Prison ("HDSP"), where he is still incarcerated.

4  In the complaint, plaintiff alleged that in October 2015 he was housed at California State Prison-

5  Sacramento ("CSP-Sac").  Plaintiff alleged that on October 14, 2015, he was beaten and stabbed

6  by twenty inmates who believed that plaintiff was responsible for the theft of six cell phones.

7  Plaintiff alleged that after the attack, he learned that defendants knew that the attack was going to

8  occur and failed to protect him.  Plaintiff alleged that an inmate informant told the defendants that

9  inmates planned to assault plaintiff because of the missing cell phones.

10      In his opposition to the pending motion and in his complaint, plaintiff argued that

11  defendants' failure to protect him on October 14, 2015, has caused him to suffer an ongoing

12  threat of serious physical injury.  (ECF Nos. 1, 18.)  In the complaint, plaintiff alleged that on

13  December 8, 2015, while he was on the transportation bus from CSP-Sac to HDSP, he heard

14  another inmate telling other inmates that plaintiff was beaten and stabbed by other inmates

15  because of the missing cell phones.  (ECF No. 1 at 11.)  In his opposition, plaintiff made the same

16  allegation.  (ECF No. 18 at 3.)  Plaintiff alleged that he was constantly threatened at HDSP

17  because inmates there knew that he was accused of taking cell phones from Southern Mexican

18  inmates.  (Id. at 4.)  Plaintiff also alleged that he heard officials at HDSP say that plaintiff was

19  transferred from CSP-Sac because plaintiff took cell phones from Southern Mexican inmates.

20  (Id.)

21      In support of his claim that he met the imminent danger exception, plaintiff alleged that

22  1) defendants knew that he was going to be attacked by inmates at CSP-Sac for allegedly stealing

23  cell phones and failed to prevent the attack; 2) because of the attack other inmates, including

24  those who were transferred with him from CSP-Sac to HDSP, became aware that he was accused

25  of stealing cell phones; and 3) plaintiff was now threatened by other inmates at HDSP based on

26  the accusation that he stole cell phones at CSP-Sac.

27      On February 10, 2017, the undersigned ordered the parties to file further briefing

28  regarding whether plaintiff met the imminent danger exception to 28 U.S.C. § 1915(g).  (ECF No.

3

21.)  In this order, the undersigned observed that while plaintiff alleged that he was "constantly threatened" by other inmates at HDSP, he alleged no other facts in support of this claim.  For this reason, the undersigned could not find that plaintiff's claim that he was "constantly threatened" was sufficiently specific to meet the imminent danger exception.  The undersigned directed plaintiff to file further briefing in support of his claim that he had been and still was threatened by inmates at HDSP based on the accusation that he stole the cell phones.  The undersigned directed plaintiff to describe when the threats occurred, the nature of the threats, identify (if possible) the inmates who made the threats, and discuss whether plaintiff complained to HDSP officials about these threats.  If plaintiff had documentation of complaints made to HDSP officials regarding these threats, plaintiff was directed to include this with his briefing.  Defendants were granted leave to file a reply to plaintiff's further briefing.

On March 6, 2017, plaintiff filed his further briefing.  (ECF No. 22.)  In his further briefing, plaintiff alleges that on December 8, 2015, during his ride on the transportation bus from CSP-Sac to HDSP, several inmates discussed "that plaintiff was responsible for the theft of the six cell phones."  (Id. at 2.)  Plaintiff alleges that a Southern Mexican inmate, housed in the same building and section of CSP-Sac as plaintiff, told plaintiff, "You better watch your back!"  (Id.)

In the further briefing, plaintiff also alleges that he recently met a Southern Mexican inmate named "Green Eyes," who was housed with plaintiff at CSP-Sac at the time he was accused of stealing the cell phones.  (Id. at 3.)  Plaintiff alleges that "Green Eyes" threatened to stab him.  (Id.)  Plaintiff alleges that he brought this threat to the attention of HDSP officials but they failed to take any remedial measures.  (Id.)  Plaintiff alleges that HDSP officials failed to respond to complaints he made regarding other threats made to him by other inmates.  (Id.)

Attached to plaintiff's further briefing as an exhibit is a CDCR 22 Request for Interview Form.  (Id. at 6.)  Plaintiff wrote on this form, "I need to speak with someone concerning threats that I received from inmates today."  (Id.)  Plaintiff dated this form December 8, 2015, i.e., the date he transferred to HDSP.

Plaintiff also attaches an undated CDCR 22 Request for Interview Form in which he has written,

1

2

3

> I have been threatened by inmates several times and because of this
> I am concerned for my safety.  I was threatened when I initially
> arrived here and I was just recently threatened again.  I would like
> to speak with the Lieutenant concerning this problem.

4   (Id. at 8.)

5          On March 14, 2017, defendants filed a response to plaintiff's further briefing.  (ECF No.

6   23.)  Defendants argue that the two isolated instances of alleged threats identified by plaintiff in

7   his further briefing do not demonstrate that plaintiff suffered a threat of physical injury at the time

8   he filed his complaint in May 2016.  Defendants also argue that plaintiff's assertions lack

9   credibility because his housing movement history contradicts his claim that he was transferred

10  from CSP-Sac to HDSP on December 8, 2015.

11         In support of their further briefing, defendants provided the declaration of G. Crowe, an

12  Administrative Assistant to the Warden of HDSP, and a report containing plaintiff's movements

13  between prisons.  (ECF No. 23-1.)  According to G. Crowe's declaration and the report, plaintiff

14  was transferred from CSP-Sac to Folsom State Prison on October 20, 2015.  (Id.)  On December

15  7, 2015, plaintiff was transferred from Folsom State Prison to Deuel Vocational Institution

16  ("DVI"), apparently on his way to HDSP.  (Id.)  On December 8, 2015, plaintiff was transferred

17  from DVI to HDSP.  (Id.)  Defendants argue that plaintiff's movement history, as reflected in the

18  Crowe declaration and the movement report, demonstrates that plaintiff's claim that he was

19  placed on a bus with other inmates from CSP-Sac to HDSP on December 8, 2015, is false.

20         Defendants also question the credibility of the CDCR 22 Forms submitted by plaintiff in

21  support of his further briefing.  Defendants state that on the form dated December 8, 2015,

22  plaintiff writes that he was housed in "C-2, 109" on December 8, 2015.  In his declaration, G.

23  Crowe states that plaintiff was not housed in cell no. 109 until December 12, 2015, i.e., four days

24  after his arrival at HDSP.  (Id.)  Defendants also observe that there is no indication that either

25  CDCR 22 Form submitted by plaintiff was ever received by any staff at HDSP.  Defendants

26  suggest that plaintiff fabricated these forms in response to the order for further briefing.

27         The undersigned finds that plaintiff has not met the imminent danger exception to 28

28  U.S.C. § 1915(g).  Plaintiff has not demonstrated that he suffered a threat of imminent injury at

1   the time he filed the complaint on May 31, 2016.  Plaintiff's claim that he was threatened on

2   December 8, 2015, while on the transport bus from CSP-Sac to HDSP is undermined by

3   defendants' evidence that plaintiff was not transferred form CSP-Sac to HDSP on that date.

4   Instead, as discussed above, plaintiff was transferred from CSP-Sac to Folsom State Prison on

5   October 20, 2015.  Approximately 1 1/2 months later, plaintiff was transferred from Folsom State

6   Prison to HDSP, via DVI.  These circumstances undermine the credibility of plaintiff's claim that

7   he was threatened on December 8, 2015, by inmates from CSP-Sac during transport from CSP-

8   Sac to HDSP.

9          Even if plaintiff did receive threats on the December 8, 2015 transport bus, plaintiff's

10  claim that he suffers ongoing threats is not well supported for the reasons stated herein.

11         In his further briefing, plaintiff identifies only one specific occasion when he was

12  allegedly threatened by another inmate at HDSP based on the accusation that he stole cell phones

13  at CSP-Sac i.e., the claim that an inmate named Green Eyes recently threatened to stab him.

14  However, plaintiff has not presented credible evidence demonstrating that he complained to

15  prison officials about this threat.  Plaintiff's undated CDCR 22 form alleging that he has received

16  threats from other inmates does not state that an inmate named Green Eyes threatened to stab

17  plaintiff.  Plaintiff's failure to specifically inform prison officials that another inmate threatened

18  to stab him undermines the credibility of this claim, and suggests that plaintiff does not suffer

19  from an imminent threat of serious physical injury.  Defendants' suggestion that plaintiff created

20  this form in response to the further briefing order is persuasive.

21         The undersigned is also puzzled by plaintiff's claim that he received no response from

22  prison officials to either of the CDCR 22 forms he attaches to his further briefing.  If plaintiff

23  believed that his safety was threatened by Southern Mexican inmates who were housed with him

24  at CSP-Sac, it is also unclear why he did not file an administrative grievance, in addition to a

25  CDCR 22 Request for Interview Form, regarding this matter.

26         For the reasons discussed above, the undersigned finds that plaintiff does not meet the

27  imminent danger exception to 28 U.S.C. § 1915(g).  Accordingly, defendants' motion to revoke

28  plaintiff's in forma pauperis status should be granted.  Defendants also argue that plaintiff should

1  be required to post security pursuant to Local Rule 151(b).  The undersigned recommends that

2  defendants' motion requesting that plaintiff be ordered to post security be denied without

3  prejudice.  If the district court adopts these findings and recommendations and plaintiff pays the

4  filing fee, defendants may re-notice this motion.

5      Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion for plaintiff to

6  post security (ECF No. 15) be denied without prejudice; defendants' motion to revoke plaintiff's

7  in forma pauperis status (ECF No. 15) be granted; plaintiff be ordered to pay the filing fee within

8  thirty days of the adoption of these findings and recommendations.

9      These findings and recommendations are submitted to the United States District Judge

10  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

11  after being served with these findings and recommendations, any party may file written

12  objections with the court and serve a copy on all parties.  Such a document should be captioned

13  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

14  objections shall be filed and served within fourteen days after service of the objections.  The

15  parties are advised that failure to file objections within the specified time may waive the right to

16  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17  Dated:  March 22, 2017

18

19                                    _____
                                      KENDALL J. NEWMAN
                                      UNITED STATES MAGISTRATE JUDGE
20

21  Han1173.57

22

23

24

25

26

27

28

                                7