UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE L. HANEY, | No. 2: 16-cv-1173 TLN KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| S. JOHNSON, et al., | |
| Defendants. | |

I. Introduction

Plaintiff is a state prisoner, proceeding without counsel, pursuant to 42 U.S.C. § 1983. Pending before the court are defendants' motions to require plaintiff to post security (ECF No. 28) and for a protective order (ECF No. 34). Defendants request that plaintiff be ordered to post security of $17,915 before this action proceeds.

For the reasons stated herein, the undersigned recommends that defendants' motion to require plaintiff to post security be denied without prejudice. Defendants' motion for a protective order is granted.

II. Plaintiff's Claims

This action proceeds on the original complaint against defendants Baker, Cross, Fields, Herring, Johnson, Larios, Ramirez and Turner. (ECF No. 1.)

////

Plaintiff alleges that on October 14, 2015, he was beaten and stabbed by approximately twenty inmates. After the attack, defendant Johnson and other prison staff took plaintiff to medical. Plaintiff alleges that during this time, he heard defendant Johnson say, "My partner told me it was going down today." Plaintiff asked defendant Johnson who told him that "it's going down today." Defendant Johnson refused to talk to plaintiff any further.

Plaintiff alleges that approximately ten minutes later, Investigative Services employee defendant Ramirez came to speak to plaintiff at the medical infirmary. Defendant Ramirez told plaintiff that the day before the attack, an inmate confidential informant told defendant Ramirez that inmates planned to attack plaintiff because they thought that he was responsible for six cell phones stolen from the kitchen that belonged to inmates. Plaintiff alleges that defendant Ramirez refused to give him the name of the inmate informant.

Plaintiff alleges that before the October 14, 2016 attack, plaintiff noticed everything was closed, i.e., gym, law library, etc., and that all defendants were standing out on the yard as if they were waiting for an incident to occur between inmates. Plaintiff noticed that defendants were looking in the "Bay Area" part of the yard, where plaintiff is required to stay during yard because he is from the Bay Area.

Plaintiff alleges that all the defendants knew that he was going to be attacked prior to the attack, but failed to protect him.

III. Motion Requesting Plaintiff Post Security

Defendants previously filed a motion to revoke plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g) and for plaintiff to post security. (ECF No. 15.) The undersigned recommended that defendants' motion to revoke plaintiff's in forma pauperis status be granted. (ECF No. 24.) The undersigned declined to address the merits of defendants' motion for plaintiff to post security. (Id.) Instead, the undersigned recommended that defendants' motion requesting that plaintiff be ordered to post security be denied without prejudice to its renewal, if appropriate, following resolution of the motion to revoke plaintiff's in forma pauperis status. (Id.)

////

The Honorable Troy L. Nunley denied defendants' motion to revoke plaintiff's in forma pauperis status. (ECF No. 27.) Judge Nunley ordered that defendants could re-notice the motion to require plaintiff to post security. (Id.) Pending before the court is defendants' re-noticed motion. (ECF No. 28.)

Defendants request an order requiring plaintiff to post security pursuant to Local Rule 151(b) of the Eastern District of California. Local Rule 151(b) provides,

> On its own motion or on motion of a party, the Court may at any time order a party to give a security, bond, or undertaking in such amount as the Court may determine to be appropriate. The provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural Rule of this Court on the basis of which the Court may order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby.

Local Rule 151(b).

Thus, in ordering a party to give security under Local Rule 151(b), the Court must determine that (1) the party is a vexatious litigant and (2) there is not a reasonable probability that the party will prevail pursuant to California Civil Procedure Code § 391.1, which provides:

> In any litigation pending in any court of this state, at any time until final judgment is entered, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security or for an order dismissing the litigation pursuant to subdivision (b) of Section 391.3. The motion for an order requiring the plaintiff to furnish security shall be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he or she will prevail in the litigation against the moving defendant.

Cal. Civ. Proc. § 391.1

Defendants argue that plaintiff is a vexatious litigant because in the past seven years, he has commenced at least twenty-four unsuccessful pro se civil rights actions or proceedings in state or federal court.

Defendants also argue that there is no reasonable probability that plaintiff will prevail on the merits because 1) he has failed to exhaust administrative remedies as to seven of the eight named defendants; and 2) the complaint fails to state a plausible claim against the eighth defendant, i.e., defendant Johnson.

3

In support of their argument that plaintiff failed to exhaust administrative remedies, defendants cite plaintiff's administrative grievances attached to the complaint. In essence, defendants argue that plaintiff's failure to exhaust administrative remedies as to seven of the defendants is clear from the face of the complaint. Under these circumstances, defendants are authorized to file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc).

Local Rule 151(b) is discretionary. See Bradford v. Brooks, 2016 WL 4537900 at *1 (9th Cir. 2016). For the following reasons, the undersigned recommends that the court exercise its discretion to deny the motion to require plaintiff to post security.

One purpose of authorizing security for costs is to allow the court to have some control over the administration of a lawsuit. See Chappel v. Perez, 2011 WL 1584581 at *1 (E.D. Cal. 2011); citing Illro Prods. Ltd v. Music Fair Enterprises, 94 F.R.D. 76, 78 (S.D.N.Y. 1982). "In determining whether to impose a bond, the court may 'take all the pertinent circumstances into account including the conduct of the litigants and the background and purpose of the litigation.'" Id., quoting Leighton v. Paramount Pictures Corp., 340 F.2d 859, 861 (2d Cir. 1965).

Both of defendants' arguments regarding why plaintiff will not prevail on this action could have been raised in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Therefore, requiring plaintiff to post security for an action that may be dismissed pursuant to Rule 12(b)(6) does not enable court control of this action. Limited court resources are better spent deciding one dispositive motion rather than a dispositive motion and a motion to require plaintiff to pay costs.

The undersigned also observes that defendants' proposal that plaintiff pay $17,915 includes time spent by counsel,

> performing initial investigation of the claims, including review of medical records and other documents; drafting a litigation plan and performing legal research regarding issues addressed in the litigation plan; and researching and preparing this motion and defendants' previous motion to revoke plaintiff's in forma pauperis status, and supporting documents, including plaintiff's extensive litigation history, as reflected in defendants' request for judicial notice.

4

(ECF No. 28-2 at 2.)

The undersigned does not fault defense counsel for filing the previous motion to revoke plaintiff's in forma pauperis status. However, if all of plaintiff's claims may be disposed of by a Rule 12(b)(6) motion, then counsel's time spent reviewing plaintiff's medical records and preparing the instant motion does not seem like time well spent. Under these circumstances, requiring plaintiff to post security of $17, 915 is more punitive than practical.

For the reasons discussed above, the undersigned recommends that defendants' motion to require plaintiff to post security be denied without prejudice to its renewal following resolution of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

IV. Motion for Protective Order

Defendants request a protective order providing that defendants are not required to respond to discovery until such time as the court opens discovery, and plaintiff serves discovery under that order.

The court is vested with broad discretion to manage discovery. Dichter–Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir.2013) (per curiam). Pursuant to Federal Rule of Civil Procedure 26(c)(1), the court may, for good cause, issue a protective order forbidding or limiting discovery. The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed.R.Civ.P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants, Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir.1988) (stay of discovery pending resolution of immunity issue). The propriety of delaying discovery on the merits of the plaintiff's claims pending resolution of an exhaustion motion was explicitly recognized by the Ninth Circuit. Albino v. Baca, 747 F.3d 1162, 1170–71 (9th Cir.2014) (en banc).

Pursuant to the court's standard practice in civil rights cases such as this, the discovery phase opens via the issuance of a discovery and scheduling order. In this case, no discovery/scheduling order has issued. Discovery/scheduling orders are usually issued after defendants answer the complaint.

////

Good cause appearing, defendants' motion for a protective order is granted. Neither party is required to respond to discovery requests until such time that a discovery/scheduling order is issued.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for a protective order (ECF No. 34) is granted;

2. Neither party is required to respond to discovery requests until such time that a discovery/scheduling order is issued; and

IT IS HEREBY RECOMMENDED that defendants' motion to require plaintiff to post security (ECF No. 28) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 19, 2018

_KENDALL J. NEWMAN_
UNITED STATES MAGISTRATE JUDGE

Han1173.sec