UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTE L. HANEY,<br><br>        Plaintiff,<br><br>   v.<br><br>S. JOHNSON, et al.,<br><br>        Defendants. | No. 2: 16-cv-1173 TLN KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' request for entry of judgment pursuant to Federal Rule of Civil Procedure 54(b). For the reasons stated herein, the undersigned recommends that defendants' request be denied.

Background

This action proceeds on the original complaint. (ECF No. 1.) The undersigned ordered service of defendants Johnson, Ramirez, Cross, Herring, Fields, Larios, Turner and Baker as to plaintiff's claim that defendants failed to protect him from harm by other inmates in violation of the Eighth Amendment. (ECF No. 4.) Defendants filed a summary judgment motion arguing that plaintiff failed to exhaust administrative remedies as to all defendants but for defendant Johnson. (ECF No. 45.) Defendants moved for summary judgment as the merits of plaintiff's claims against defendant Johnson. (Id.)

1

On January 18, 2019, the court granted summary judgment to defendants Ramirez, Cross, Herring, Fields, Larios, Turner and Baker on the grounds that plaintiff failed to exhaust his administrative remedies as to these defendants. (ECF No. 67.) The court denied defendants' summary judgment motion as to the merits of plaintiff's claims against defendant Johnson. (Id.) This action is now set for trial before the Honorable Troy L. Nunley on January 27, 2020. (ECF No. 72.)

In the pending request, defendants Ramirez, Cross, Herring, Fields, Larios, Turner and Baker request that the court enter judgment in their favor pursuant to Federal Rule of Civil Procedure 54(b).

Legal Standard

Federal Rule of Civil Procedure 54(b) provides that "[w]hen an action presents more than one claim for relief ... or multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court determines that there is no just reason for delay." To do so, the district court "must first determine that it has rendered a final judgment, that is, a judgment that is an ultimate disposition of an individual claim entered in the course of a multiple claims action." Wood v. GCC Bend, LLC, 422 F.3d 873, 878 (9th Cir. 2005) (internal quotation marks omitted). Second, "it must determine whether there is any just reason for delay." Id.

However, concerns about judicial economy counsel that Rule 54(b) should be used sparingly. See Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 10 ((1980) ("Plainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely."); Morrison-Knudsen Co. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981) (directing that Rule 54(b) be "reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties"). Because an expedited appeal is an exception rather than the rule, the court should not enter judgment pursuant to Rule 54(b) absent a showing of hardship, injustice, or "unusual and compelling circumstances." Morrison-Knudsen Co., Inc., 655 F.2d at 966.

In deciding whether to grant judgment under the Rule, courts should consider "whether the certified order is sufficiently divisible from the other claims such that the case would not inevitably come back to this court on the same set of facts.'" Jewel v. Nat'l Sec. Agency, 810 F.3d 622, 628 (9th Cir. 2015) (quoting Wood, 422 F.3d at 878)). That said, the issues raised on appeal need not be "completely distinct" from the rest of the action, "so long as resolving the claims would streamline the ensuing litigation." Id.

Analysis

The court's order of January 18, 2019, resulted in an ultimate disposition of the claims against defendants Ramirez, Cross, Herring, Fields, Larios, Turner and Baker. Plaintiff's appeal of the dismissal of his claims against these defendants would raise issues distinct from the remaining claims against defendant Johnson. However, for the reasons stated herein, the undersigned finds that defendants Ramirez, Cross, Herring, Fields, Larios, Turner and Baker have not shown any danger of hardship or injustice, or other unusual and compelling circumstances, that would be alleviated were judgment entered in their favor at this time.

Defendants make one argument in support of their claim that the failure to enter judgment at this time will cause them hardship. In particular, defendants generally argue that where resolution against the remaining party will take many months or years, then it is unfair to the parties against whom the case has been finally adjudicated to make them await entry of judgment. The trial is set for January 27, 2020, i.e., approximately six months from now. Defendants have not demonstrated how delaying judgment for six months will cause them hardship or injustice.

Defendants "are not permitted to make an end round around the normal course of litigation simply for the sake of convenience or expediency." Ortiz v. Alvarez, 2019 WL 691196 at *2 (E.D. Cal. 2019). The moving party must put forward a "'a seriously important reason' in order to be entitled to entry of final judgment under Rule 54(b)." Id. (quoting Wood, 422 F.3d at 882.) Defendants have not met this burden. For this reason, defendants' motion for entry of final judgment pursuant to Rule 54(b) should be denied.

////

////

Accordingly, IT IS HEREBY RECOMMENDED that defendants' request for entry of judgment pursuant to Rule 54(b) (ECF No. 77) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 31, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Han1173.dis